Filed 11/27/24  P. v. Meza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>HECTOR J. MEZA,<br><br>     Defendant and Appellant. | D082022<br><br><br>(Super. Ct. No. FWV1102812-1) |

APPEAL from an order of the Superior Court of San Bernardino County, Jon D. Ferguson, Judge.  Affirmed.

Eric Multhaup, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General for Plaintiff and Respondent.

## MEMORANDUM OPINION

In 2011, Maria B. died after a group of men beat her, doused her with gasoline, and set her body on fire. Defendant Hector J. Meza, Maria's former boyfriend, was among several individuals found guilty of first degree murder in her death, as well as other charges. (Pen. Code, §§ 187 and 189.)[1] In connection with convicting Meza of first degree murder, the jury found true three special circumstances: (1) that the murder was committed by means of lying in wait (§ 190.2, subd. (a)(15)); (2) that the murder was committed while Meza was engaged in the commission of mayhem (§ 190.2, subd. (a)(17)(J)); and (3) that the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)). He was sentenced to life imprisonment without the possibility of parole.

Following changes to California's murder statutes in 2018 and 2021, Meza filed a petition for resentencing alleging that he could no longer be convicted of murder due to these statutory changes and requesting relief pursuant to section 1172.6.[2] (See Stats. 2018, ch. 1015 (Sen. Bill No. 1437); Stats. 2021, ch. 551 (Sen. Bill No. 775).) The trial court denied the petition at the prima facie stage, finding that each of the three special circumstance findings made relief unavailable as a matter of law. We agree Meza is not eligible for relief, and therefore affirm the order.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Meza's petition requested relief under section 1170.95, the predecessor statute in effect at that time. Section 1170.95 was renumbered as section 1172.6 effective June 30, 2022. For simplicity's sake, we consistently refer to the statute by its current designation.

## DISCUSSION

For our purposes, it is sufficient to address the trial court's conclusion that the jury's true finding on the felony murder special circumstance based on mayhem establishes that Meza remains liable for murder under current law. Because this finding indicates his murder conviction is entirely unaffected by the recent statutory changes, he is ineligible for resentencing relief as a matter of law.

In *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), the Supreme Court addressed whether defendants found to have committed a special circumstance felony murder (§ 190.2, subd. (a)(17)) before the decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) could still state a prima facie case for relief under section 1172.6. It concluded that for trials conducted before the decisions in *Banks* and *Clark*, a felony-murder special circumstance finding does not conclusively preclude a prima facie case under section 1172.6. (*Strong,* at p. 710.) But the trial in this case took place *after* both *Banks* and *Clark* were decided. And as the court in *Strong* made clear, "findings made after *Banks* and *Clark* ordinarily establish a defendant's ineligibility for resentencing under [section 1172.6] and thus preclude the defendant from making a prima facie case for relief." (*Strong,* at p. 710.)

Here, the jury was instructed that to find true the mayhem-murder special circumstance, it had to reach one of three conclusions: (A) Meza was the actual killer, or (B) he aided and abetted the murder with intent to kill, or (C) he was a major participant in committing mayhem and, in doing so, acted with reckless indifference to human life. Each of these remains a viable theory of murder liability after the statutory changes effected by Senate Bill No. 1437 and Senate Bill No. 775. In other words, if any one of

3

these alternatives is true—and the jury had to find at least one was true—there is no way Meza can show that he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Once the jury finds (A) or (B) or (C) *and* that the murder was committed while defendant was engaged in the commission of mayhem, it was and continues to be murder of the first degree under California law.

Meza does not dispute the logic of this analysis or that a felony-murder special circumstance finding after *Banks* and *Clark* "ordinarily" precludes relief under section 1172.6. Instead, he argues that the jurors in *his* case were not *properly* instructed regarding Alternative (C) because the trial court failed to explain they should consider the *Banks/Clark* factors both with respect to deciding whether Meza was a "major participant" and whether he acted with "reckless indifference." But even if we were to assume Meza was correct, he would establish at most a garden-variety instructional error based on law that was applicable at the time of his trial. (See *Clark, supra,* 63 Cal.4th at pp. 617–623 [discussing factors relevant to a finding of reckless indifference].) His argument should have been raised on direct appeal. As we have explained on several occasions in different contexts, a petition for resentencing under section 1172.6 is not a second appeal allowing a defendant to challenge errors that should have been addressed on appeal from the judgment. (See *People v. Burns* (2023) 95 Cal.App.5th 862, 865, 867–869; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1172–1173.) It permits relief only to the extent the defendant can show he could no longer be convicted of murder or attempted murder *in light of recent statutory changes.* Here, the changes to sections 188 and 189 effected by Senate Bill No. 1437 cast no doubt on the validity of Meza's first degree murder conviction because

4

the jury's felony-murder special circumstance finding establishes that he would be guilty of the same crime under current law.

## DISPOSITION

The order denying Meza's petition is affirmed.

DATO, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.